IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:08CR3038 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **AND ORDER** |
| | ) | |
| YESENIA MILLAN GONZALEZ, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before me for initial review[1] of a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (filing 104), filed by the defendant, Yesenia Millan Gonzalez, who complains that she has not received a promised reduction of sentence for substantial assistance. Although the government has since filed a Rule 35(b) motion, the filing was not made within one year of sentencing, as required by the rule. To correct this defect, I will order that the Rule 35(b) motion shall be deemed to have been filed contemporaneously with the defendant's § 2255 motion, which was less than one year after sentencing, and will then dismiss without prejudice the defendant's claim that the government breached her plea agreement by not filing a timely Rule 35(b) motion. In all other respects, the defendant's §2255 motion will be denied and dismissed with prejudice.

---

   [1] Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides:

>    The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## I.  BACKGROUND

The defendant pleaded guilty to one count of conspiracy to distribute cocaine and was sentenced on October 14, 2008, to a term of 108 months' imprisonment.  No direct appeal was taken.

The defendant's pro se § 2255 motion was received and filed by the clerk of the court on October 6, 2009, but the effective filing date is October 1, 2009, when the defendant placed the  motion in the prison mailing system. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Four grounds for relief are alleged, all of which are concerned with the defendant's failure to obtain a reduction in her sentence for substantial assistance:

> GROUND ONE: Ineffective Assistant of Counsel . . . I cooperated with officials, I am entitled to a Rule 35, which I am not sure if my lawyer file it, I provided substantial information to the attorney to give to the agents I'm not sure if he did. He always stated I will take care of things. I'm not sure if he violated any of my constitutional rights.  He did not help me get the proper assistance for cooperation.
>
> GROUND TWO: Ineffective Assistance of Counsel . . .  My lawyer stated that I was going to plead to 37 months, this was what I was going to receive [sic].  I was not sure if he was doing the right thing as to what was my proper guidelines with my assistance with my cooperation he violated my rights.  My lawyer withheld information to the court that could of help me.
>
> GROUND THREE: Did the court erred if they did not filed my Rule 35 within the 1 year statute of limitations . . . I believed I am entitled to my Rule 35 that was supposed to be filed by the court, has my rights been violated.  The Judge [k]new that 2 days before my sentencing I told him I was not happy with my attorney and he said we should talk our case over, so we went to sentencing 2 days after because he stated the court was going to file my Rule 35.  He said I had 1 year and it will be 1 year now.  I need for the court to review my constitutional rights.

2

> GROUND FOUR: Where [sic] any constitutional rights violated as to sentencing, was I entitled to a 5k1 . . . I worked with officials and never received and compensation that I was entitled to, did my rights were violated. Were any motions filed on my behalf.

(Filing 104, pp. 4, 5, 7, 8.)

## II. DISCUSSION

"A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003)). To establish a claim of ineffective assistance of counsel, the defendant must demonstrate both deficient performance and prejudice. *See United States v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007), *cert. denied*, 128 S.Ct. 1731 (2008). That is, the defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result would have been different." *Nguyen v. United States*, 114 F.3d 699, 703-04 (8th Cir. 1997) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694 (1984)). The court need not address both components if an insufficient showing is made on one of the prongs. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

### A. Ground One

Rule 35(b)(1) of the Federal Rules of Criminal Procedure provides that "[u]pon the government's motion made within one year of sentencing,[2] the court may reduce

---

[2] "As used in this rule, 'sentencing' means the oral pronouncement of the sentence." Fed.R.Crim.P. 35(c).

3

a sentence if the defendant, after sentencing, provided substantial assistance in investigating or prosecuting another person." The court may also reduce a sentence upon the government's motion made more than one year after sentencing if the defendant's substantial assistance involved information that was not previously known or considered useful. *See* Fed.R.Crim.P. 35(b)(2).

Insofar as the defendant faults her attorney for failing to file a Rule 35(b) motion, ground one of the § 2255 motion fails to state a legitimate claim for relief. Only the government may file a Rule 35(b) motion. United States v. Jenkins, 105 F.3d 411, 412 (8th Cir. 1997).

It has been held that "[t]he Sixth Amendment guarantee of competent counsel applies to the process of cooperation with the government because this is a critical stage of the proceeding for those charged with federal crimes." United States v. Leonti, 326 F.3d 1111, 1122 (9th Cir. 2003) (evidentiary hearing required regarding defense counsel's alleged failure to represent defendant during presentence period when defendant was attempting to cooperate with government). However, the Sixth Amendment's protections do not extend to postsentencing cooperation efforts, *see* Scott v. United States, 473 F.3d 1262, 1264 (8th Cir.) (no Sixth Amendment right to counsel on appeal of Rule 35(b) motion), *cert. denied*, 550 U.S. 964 (2007), nor is there a right to counsel under the Due Process Clause of the Fifth Amendment with respect to Rule 35(b) proceedings. *See* United States v. Taylor, 414 F.3d 528, 537 (4th Cir. 2005); United States v. Palomo, 80 F.3d 138, 142 (5th Cir. 1996).

In other words, the defendant is limited to claiming that, prior to sentencing, her attorney failed to properly assist her in providing information to the government that would have resulted in the government filing a motion for downward departure under § 5K1.1 of the United States Sentencing Guidelines or 18 U.S.C. § 3553(e). Even assuming that the defendant is making such a claim, the allegations of her § 2255 motion are clearly insufficient. The defendant admits that she is "not sure" whether her attorney forwarded her information to the government, and alleges only

4

in conclusory fashion that help was not provided. Consequently, ground one of the defendant's § 2255 motion will be dismissed with prejudice.

### B. Ground Two

Even accepting as true the allegation that defense counsel told the defendant that she was "going to plead to 37 months," the record establishes that the defendant knew when she entered a plea of guilty that she faced a possible sentence of ten years to life imprisonment. At the plea hearing the magistrate judge carefully inquired of the defendant, among other things, whether she understood that "you are subjecting yourself to a minimum term of imprisonment of 10 years" (filing 53, p. 8); that "[t]he sentencing guidelines are not mandatory, they are only advisory, so there is no assurance that your sentence is going to be within the sentencing guideline range" (*id.*, p. 11); that "regarding the provisions in [the plea agreement] on cooperation and a possible motion by the Government to reduce your sentence, you must know that neither you as the defendant, nor even the Court can force the Government to file that motion to reduce your sentence . . . [a]nd even if they file it, there is no assurance that the judge is going to grant it" (*id.*, p. 16); and that "even if [the judge] grants that motion, he may reduce your sentence less than you hoped or expected" (*id.*). The defendant stated that she understood each of these things. In addition to the explanation provided by the magistrate judge, the written plea agreement (filing 49) and the petition to enter a plea of guilty (filing 48) clearly advised the defendant of her possible sentence and explained the cooperation requirements and procedures.

The defendant was also asked by the magistrate judge, "And has anybody told you that you would get a particularly light sentence by pleading guilty . . . [or] told you exactly what your sentence is going to be?" (*Id.*, p. 17.) The defendant denied that anyone had told her either of these things. She also denied that anybody had promised anything outside of the plea agreement to get her to plead guilty. (*Id.*, p. 16.) The defendant also made negative responses to similar inquiries in her petition to enter a plea of guilty.

When a guilty plea is challenged under the second prong of the *Strickland* test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial." *Nguyen*, 114 F.3d at 704 (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." *Id.*, at 703 (internal quotations and citation omitted).

"A defendant may not withdraw a plea . . . merely because he misunderstands how the sentencing guidelines will apply to his case. So long as the district court tells a defendant the statutory range of punishment that he faces and informs him that the sentencing guidelines will be used in determining the ultimate sentence, the plea is binding. This is true even where the misunderstanding is caused by defense counsel's erroneous estimation of what the ultimate sentence will be." *United States v. Davis*, __ F.3d __, 2009 WL 3209492, at *5 (8th Cir. Oct. 8, 2009) (quoting *United States v. Ramirez-Hernandez,* 449 F.3d 824, 826 (8th Cir. 2006)). Similarly, a defendant who charges that his attorney erroneously advised him that the government would file a substantial assistance motion cannot show prejudice where his "plea agreement accurately described the procedure and requirements for obtaining a reduction for acceptance of responsibility and a downward departure for substantial assistance . . . and the district court properly assessed [the defendant's] understanding of the plea agreement and application of the Guidelines." *Id.*, at *6. *See also Cook v. United States*, 310 Fed.Appx. 932, 934, 2009 WL 396468, at *2 (8th Cir.2009) (unpublished) (district court properly dismissed § 2255 claim of ineffective assistance of counsel where defendant asserted his attorney had stated he would receive sentence lower than mandatory minimum if he signed plea agreement; defendant "was aware he was subject to a mandatory minimum sentence and that filing a substantial assistance motion, which he knew was the only basis to receive a sentence below the mandatory minimum, was solely within the discretion of the government.").

6

The defendant also makes a conclusory allegation that her attorney withheld unspecified information from the court.[3] Even if this might be construed to allege that defense counsel was ineffective in failing to inform the court of the defendant's cooperation efforts at the time of sentencing, the defendant cannot show prejudice because "[a] sentencing court may not grant a downward departure for substantial assistance absent a motion by the government." United States v. Stockdall, 45 F.3d 1257, 1259 (8th Cir.1995).[4] See United States v. Gutierrez, 1994 WL 386917, at *1 (8th Cir. 1994) (unpublished) (defendant could not show he was prejudiced by his attorney's failure to advise district court at sentencing of information provided to government).

For the reasons stated, ground two will also be dismissed with prejudice.

### C. Ground Three

The court file shows that on Friday, October 16, 2009, just ten days after the court's receipt of the defendant's § 2255 motion, the government filed a Rule 35(b) motion in which it acknowledged that "the defendant has completed her cooperation to the government which has proven to be substantial, thereby warranting a reduction of the sentence previously imposed herein." (Filing 106.) Unfortunately, this filing was made one year *plus two days* after the defendant's sentencing.

---

[3] Quite possibly, the defendant is merely repeating the claim made in ground one that her attorney did not convey information to the government. She alleges in ground three, for example, that her attorney told her the court would file a Rule 35 motion within one year, and claims that the court erred by not doing so.

[4] There are, however, limited exceptions to this rule. "[R]elief may be granted absent a government substantial assistance motion if a defendant shows that the government's refusal to make the motion was based on an unconstitutional motive, that the refusal was irrational, or that the motion was withheld in bad faith." United States v. Rounsavall, 128 F.3d 665, 667 (8th Cir. 1997) (quoting United States v. Kelly, 18 F.3d 612, 617-18 (8th Cir. 1994)).

7

The one-year time limit for the government to file a Rule 35(b)(1) motion has been held to be jurisdictional.  *See United States v. Whitehead*, 217 Fed.Appx. 537, 538, 2007 WL 597084, at *2 (7th Cir. 2007) (unpublished) ("Rule 35(b) authorizes the district court to reduce a defendant's sentence only upon the government's motion made within one year of sentencing (unless an exception applies)[5]."); *United States v. Orozco*, 160 F.3d 1309, 1313 (11th Cir.1998) ("[T]he time period stated within the rule for the government to file a Rule 35(b) motion is jurisdictional.").  *Cf. United States v. Smiley*, 553 F.3d 1137, 1141-42 (8th Cir. 2009) (Rule 35(a)'s 7-day limit for correcting sentence is jurisdictional); *United States v. Jackson*, 328 Fed.Appx. 610, 2009 WL 1949446, at *1 (11th Cir. 2009) (unpublished) (same); *United States v. Garcia*, 312 Fed.Appx. 801, 805-06, 2009 WL 465778, at *4 (6th Cir. 2009) (same); *United States v. Washington*, 549 F.3d 905, 916 (3rd Cir. 2008) (same); *United States v. Griffin*, 524 F.3d 71, 83-85 (1st Cir. 2008) (same).[6]

---

[5] As previously discussed, the exceptions are stated in Rule 35(b)(2).  Unless the defendant provided information to the government on October 15 or 16, 2009, or information previously provided suddenly became useful during that 2-day period, no exception applies in the present case.

[6] In its recent opinions in *Kontrick v. Ryan*, 540 U.S. 443, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004), *Eberhart v. United States*, 546 U.S. 12, 126 S.Ct. 403, 163 L.Ed.2d 14 (2005), and *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006), the Supreme Court expounded upon the difference between time limitations that are properly characterized as subject-matter limitations and those that in the past had been mistakenly referred to as "jurisdictional" but were actually inflexible, but waivable, claims-processing rules. In the wake of these opinions, there was some confusion about the category into which Rule 35 should fall. However, in its most recent decision on the issue, *Bowles v. Russell*, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007), a majority of the Supreme Court (over a fervent dissent) held that the key difference between the two categories was whether the time limit at issue was statutorily fixed.  *See id.*, 127 S.Ct. at 2364 n. 2 (explaining the "jurisdictional significance of the fact that a time limitation is set forth in a statute").

8

The defendant's plea agreement provided that "[a]ny cooperation by the Defendant will be considered by the United States under U.S.S.G. § 5K1.1, and/or, separately, under 18 U.S.C. § 3553(e), and/or, separately, under Federal Rule of Criminal Procedure 35(b), in determining whether a motion should be filed to reduce the Defendant's sentence." (Filing 49, p. 2, ¶ 4.) Although the government retained the discretion to determine whether the defendant qualified for a sentence-reduction motion, it has since made a favorable determination and represented to the court that the defendant has provided substantial assistance. The government's failure to file the Rule 35(b) motion in a timely manner therefore constitutes a breach of the plea agreement, *see United States v. Johnson*, 241 F.3d 1049, 1053 (8th Cir. 2001) (once government determined that defendant had provided substantial assistance, it was obligated to follow through with its agreement), and the defendant is entitled to relief under § 2255 because "[a]llowing the government to breach a promise that induced a guilty plea violates due process." *Id.* (quoting *United States v. Van Thournout*, 100 F.3d 590, 594 (8th Cir. 1996)).

"When the government breaches a plea agreement, 'the defendant is typically given the option of withdrawing his guilty plea or demanding specific performance.'" *United States v. E.V.*, 500 F.3d 747, 754 (8th Cir. 2007) (quoting *United States v. Goings*, 200 F.3d 539, 544 (8th Cir. 2000)). In this case, the defendant has requested specific performance of the plea agreement. The most efficient method for granting such relief is to treat the government's untimely Rule 35(b) motion as having been filed on the same date as the defendant's timely § 2255 motion, thereby effectively

---

Since *Bowles* was decided, the First and Third Circuits have re-examined Rule 35 in light of its reasoning and have held that because Rule 35 is incorporated into 18 U.S.C. § 3582(c)(1)(B), its time limit is statutory and, therefore, jurisdictional. *See United States v. Higgs*, 504 F.3d 456, 464 (3d Cir. 2007); *United States v. Griffin*, 524 F.3d 71, 83-84 (1st Cir. 2008).

*Garcia*, 312 Fed.Appx. at 805-06 (citations omitted).

9

mooting the defendant's constitutional claim. *See, e.g.,* [United States v. Duarte-Penaloza, 202 F.Supp.2d 1370, 1371-72 (N.D.Ga. 2002)](#) (granting government's motion to file Rule 35(b) motion *nunc pro tunc* after inadvertent failure to file motion within one-year time limit).

The defendant also alleges that she informed me prior to sentencing that she was not happy with her attorney. This is untrue. The defendant's sentencing was originally scheduled for October 10, 2008. At the outset of the hearing, defense counsel stated that while he had reviewed the presentence investigation report with the defendant, she had some questions about the report that they had just been discussing with the help of the court's interpreter. (Filing [66](#) (audio file), at 00:46.) I continued the sentencing hearing until October 14, 2008, and allowed the defendant and counsel more time with the interpreter for their discussion. (*Id.*, at 02:54.) From the allegations contained it ground three, it appears that the defendant was informed by her attorney that the government had one year to file a Rule 35(b) motion. There is no indication that the defendant was led to believe that a motion for downward departure would be made at the sentencing hearing. I also note that at the conclusion of the sentencing hearing on October 14, 2008, after being advised by me of her right to appeal, the defendant indicated that she had no questions and volunteered, "I trust in my attorney." (Filing [68](#) (audio file), at 07:23.)

To the extent that ground three includes a claim of ineffective assistance of counsel, it will be dismissed with prejudice. However, the claim regarding the government's failure to file a Rule 35(b) motion within one year of sentencing will be dismissed without prejudice.

### D. Ground Four

Finally, the defendant complains that the government did not file a motion for downward departure under [§ 5K1.1 of the United States Sentencing Guidelines](#). "The government's decision may be challenged only if the defendant makes a 'substantial

10

threshold showing' of prosecutorial discrimination, irrational conduct, or bad faith." *United States v. Hardy*, 325 F.3d 994, 996 (8th Cir. 2003) (quoting *United States v. Amezcua*, 276 F.3d 445, 447 (8th Cir. 2002)). "[A] claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade v. United States*, 504 U.S. 181, 186 (1992). The defendant's bare allegation that she was entitled to a downward departure motion because she "worked with officials" does not state a valid claim for relief under § 2255.

### III. CONCLUSION

The defendant's principal complaint is that the government failed to file a Rule 35(b) motion. Because a Rule 35(b) motion has now been filed, and will be considered by the court, this claim will be dismissed without prejudice, as moot. The defendant's claims of ineffective assistance of counsel will be dismissed with prejudice, as will her claim regarding the government's failure to file a motion for downward departure. This will conclude the § 2255 proceeding.

Accordingly,

IT IS ORDERED that:

1. The government's Rule 35(b) motion for reduction of sentence (filing 106) shall be deemed to have been filed on October 1, 2009.

2. The defendant's § 2255 claim regarding the government's failure to file a Rule 35(b) motion within one year of sentencing is dismissed without prejudice, as moot.

3. All other claims made in the defendant's § 2255 motion (filing 104) are dismissed with prejudice on initial review.

    4.      A separate judgment of dismissal will be entered.

November 2, 2009.          BY THE COURT:

                                *Richard G. Kopf*
                                United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.